UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MICHAEL J. SHELTON )<br><br>v.<br><br>UNITED STATES OF AMERICA | )<br>)<br>)<br>) No. 1:13-cv-340\1:05-cr-97<br>) *Judge Curtis L. Collier*<br>) |

## MEMORANDUM

Michael J. Shelton ("Shelton") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 31).[1] Shelton argues the Supreme Court case of *Descamps v. United States*, 133 S. Ct. 2276 (2013) renders his Armed Career Criminal status invalid (Criminal Court File No. 31).

After entering a guilty plea to Count Three of the Indictment charging him with a violation of 18 U.S.C. § 922(g)(1), Shelton received a 190 month sentence. Shelton challenges his sentence based on the Supreme Court's decision in *Descamps,* claiming his prior conviction for reckless endangerment no longer qualifies as a predicate offense to warrant his status as a career offender. Shelton claims his § 2255 motion is timely under 28 U.S.C. § 2255 (f) (3), because his motion was filed within one year of the June 20, 2013, *Descamps* decision which he contends created a newly recognized right that is applicable to cases on collateral review (Criminal Court File No. 31).

Because Shelton's § 2255 motion is untimely and *Descamps* offers him no relief, the government will not be required to file a response. For the reasons explained below, this action will be **DISMISSED WITH PREJUDICE** in its entirety as the Court concludes Shelton's § 2255 motion will be **DENIED** as time-barred pursuant to § 2255 (f)(1) because there is no binding

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

precedent directing that *Descamps* triggers the limitations period of subsection (f) (3) (Criminal Court File No. 31).

I. **APPLICABLE STATUTE OF LIMITATIONS LAW**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Title 28 U.S.C. 2255(f) provides, in relevant part, that the one-year limitations period for federal inmates seeking relief under this section shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Section 2255(f)(1) applies to Shelton's motion. Therefore, his § 2255 motion was required to be filed with the Court within one year from the date on which his judgment of conviction became final.

A. **Timeliness**

The statute of limitations in Shelton's case began to run from the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Shelton was sentenced to a term of imprisonment for 190 months on September 7, 2006 (Criminal Court File No. 20–Sentencing Minute

2

Entry). Shelton pursued a direct appeal. Shelton's judgement of conviction became final on February 23, 2009, when the Supreme Court of the United States denied his petition for a writ of certiorari (Criminal Court File No. 29). Therefore, the one-year statute of limitations began to run on February 24, 2009, the day after the Supreme Court denied certiorari.

Shelton had one year from the time his judgment of conviction became final to file his § 2255 motion. Thus, Shelton was required to file his § 2255 motion no later than February 24, 2010. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). The back side of the envelope in which Shelton mailed his § 2255 motion and which is not docketed on CM/ECF, reflects he gave prison authorities his motion for mailing on September 22, 2013. Consequently, Shelton filed his § 2255 motion more than three years after the expiration of the one-year statute of limitation for filing his § 2255 motion.[2] Accordingly Shelton's § 2255 motion is time-barred by the statute of limitations and will be **DISMISSED** (Criminal Court File No. 31).[3]

### B. Later Date for Commencement of One-Year Statute of Limitations Inapplicable

---

[2] The Clerk is **DIRECTED** to docket the back side of Shelton's envelope on the Court's CM/ECF docket.

[3] Shelton has not argued equitable tolling is applicable to his untimely motion. Even though the one-year statute of limitation applicable to motions filed pursuant § 2255 is subject to equitable tolling under certain limited circumstances, *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001), Shelton's case does not present such a situation. Generally, to be entitled to equitable tolling, a defendant must demonstrate he has been diligently pursuing his rights and that some extraordinary circumstance prevented him from timely filing his federal petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Shelton has failed to sustain his burden to warrant equitable tolling as there is no credible factual evidence demonstrating he pursued his rights diligently or that an extraordinary circumstance prevented him from timely filing his motion. Accordingly, equitable tolling does not save Shelton's untimely § 2255 motion from the statute of limitations bar.

Shelton argues the statute of limitation in his case is governed by § 2255(f)(3). In Section 2255 cases, the one-year limitation period commences on the latest of one of the four dates set forth in Title 28 U.S.C. § 2255(f). As discussed above, normally the date would be the date the movant's judgment became final. 28 U.S.C. § 2255(f)(1). However, the statute of limitations may also commence from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). Shelton contends this date applies based on the Supreme Court's June 20, 2013, *Descamps* decision.

Shelton relies on *Descamps,* a case decided on direct appeal, to support his argument that the trigger date for the limitations period set forth in § 2255(f)(3) is applicable in his case.[4] Shelton argues *Descamps* "flatly prohibits a court to [sic] look to other documents when the elements are not categorically violent[,]" something he claims the Court did when determining his prior reckless endangerment conviction qualified as a violent felony.[5] Under this section of the statute, the

---

[4] Notably, on direct appeal Shelton argued his reckless endangerment conviction did not constitute an Armed Career Criminal Act ("ACCA") predicate offense (Criminal Court File No. 26). The Sixth Circuit noted Shelton conceded the conviction involved a firearm during sentencing and concluded "[a]s a matter of law, Tennessee felony reckless endangerment is a violent felony for ACCA purposes." (Criminal Court File No. 26, p. 6) (citations omitted).

[5] In *Descamps,* the Supreme Court held that the California statute for burglary in the first degree was indivisible, and the district court erroneously applied the modified categorical approach when sentencing Descamps under the ACCA. *Descamps v. United States,* 133 S. Ct. at 2285-86. Under the categorical approach, the Supreme Court found the statute did not require breaking and entering as an element of the offense and a conviction under the statute did not constitute a generic burglary offense under the ACCA. *Id.* at 2292-93. *Descamps,* seemingly clarifies existing law concerning the procedure that federal district courts must follow when determining whether a defendant's prior conviction qualified as a violent felony under the ACCA. Thus, it does not appear to meet the requirements of § 2255 (f)(3) to be a new right retroactively applicable on collateral review.

4

one-year limitation period for filing a § 2255 motion does not begin until "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court *and made retroactively applicable on collateral review*." 28 U.S.C. § 2255(f)(3) (emphasis added). In other words, to demonstrate *Descamps* is applicable here, in the posture of collateral review, as Shelton finds himself, he must demonstrate the case identified a newly recognized right and that the newly recognized right has been made retroactively applicable to cases on collateral review in order to proceed here. 28 U.S.C. § 2255 (f) (3). Shelton has done neither. Specifically, the Supreme Court did not expressly state whether its ruling constituted a new right and there is nothing to indicate, and Shelton has not shown, that the case is retroactively applicable to § 2255 motions.

In the absence of any Supreme Court or Sixth Circuit decision concluding *Descamps* is retroactively applicable to cases on collateral review, the Court declines to find that any rule that may have been established in this case constitutes a new right which applies retroactively to this § 2255 motion. Accordingly, the timeliness of Sheltons § 2255 motion is not governed by § 2255(f)(3) and therefore, is time-barred.

## II. CONCLUSION

Accordingly, based on the foregoing, Shelton's § 2255 motion to vacate, set aside, or correct his sentence will be **DENIED** as time-barred and this action will be **DISMISSED** (Criminal Court File No. 31).

An appropriate judgment order will enter denying Shelton's § 2255 motion, *in forma pauperis* status on appeal, and a certificate of appealability.

5

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

6