UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MICHAEL J. SHELTON,                    )
                                       )
        Petitioner,                    )
                                       )
    v.                                 )    Nos.:    1:05-CR-97-CLC-SKL(1);
                                       )             1:13-CV-340-CLC
UNITED STATES OF AMERICA,              )
                                       )
        Respondent.                    )

## MEMORANDUM OPINION

As noted in prior orders, this pro se federal prisoner's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 was remanded to this Court by the Sixth Circuit for the limited purpose of affording Petitioner an opportunity to show cause as to why his motion should not be dismissed as untimely filed, pursuant to the one-year statute of limitations in 28 U.S.C. § 2255(f) [Docs. 42–43, 45].[1] Now before the Court is Petitioner's response [Doc. 48] to the Court's show cause order on this issue [Doc. 45].

In his response, which Petitioner has labeled "Motion to reconsider/show cause, and to amend my appeal to add case law that's been decided since the time of my original filing," Petitioner first argues that the ruling in *Descamps v. United States*, 133 S. Ct. 2276 (2013), is retroactive and that his case was timely filed within one year of that decision. Even if that argument had not been rejected earlier by the Court [Doc. 33 pp. 3–5], it is completely irrelevant to a showing of cause for the late filing of his § 2255 motion, which is, of course, the sole reason for the remand.

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

Petitioner also suggests that *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the Armed Career Criminal Act's ("ACCA") residual clause in 18 U.S.C. § 924(e)(2)(B) is unconstitutionally vague, demonstrates his ACCA-based sentence was illegal and "gives [him] the chance to make it right" [Doc. 48 p. 3]. He requests the Court to allow him to amend his § 2255 motion to include this claim. Again, this argument is not pertinent to whether Petitioner can show cause for his untimely § 2255 motion and, given the circumscribed terms of the remand, the Court cannot allow any amendments to the § 2255 motion at this point in the proceedings.[2]

A court may review time-barred motions under the doctrine of equitable tolling provided "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)). A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). A petitioner "bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

---

[2] This is not to say that Petitioner cannot bring his *Johnson*-based claims in a § 2255 motion, after receiving authorization to file a second or successive motion from the Sixth Circuit. *See In re Watkins*, No. 15-5038, 2015 WL 9241176, at *3 (6th Cir. Dec. 17, 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and authorizing a second or successive petition).

Because Petitioner has offered no basis for equitable tolling to justify extension of the one-year statute of limitations applicable to his § 2255 motion, he has failed to show cause for the untimely filing of his motion.

Absent a demonstration of cause or any valid reason for applying equitable tolling, Petitioner's § 2255 motion is time-barred under the statute of limitations in § 2255(f).

**AN APPROPRIATE ORDER WILL ENTER.**

_/s/_____

**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**